■ JOSEPH GRAMBY, Respondent, v. CAROLD REALTY CO., INC., et al., Appellants.— In an action arising out of a real estate transaction between plaintiff and the corporate defendant, the defendants appeal from so much of an order of the Supreme Court, Kings County, entered July 30, 1962, as denied their motion to dismiss for insufficiency the first and second causes of action pleaded in the second amended complaint, or, in the alternative, to strike out as irrelevant certain paragraphs of said complaint. Order modified as follows: (1) by striking out the first decretal paragraph denying defendants' motion to strike out the first and second causes of action in the second amended complaint; and

(2) by substituting therefor a paragraph granting such motion with respect to said two causes of action and striking them out, with leave to plaintiff, if he be so advised, to serve a third amended complaint as to the said two causes of action. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to defendants. Plaintiff may serve such third amended complaint within 20 days after entry of the order hereon. The first cause of action is at law for damages. It is therein alleged that plaintiff and defendant Weiss (an attorney) agreed on all the terms of a transaction for the purchase and sale of real property owned by the corporate defendant, controlled by defendant Weiss; that after the parties had agreed on the terms, plaintiff engaged Weiss to draw the contract of sale; and that Weiss prepared such contract but omitted therefrom his prior oral representation that the three apartments in the building were decontrolled. In this cause of action plaintiff seeks to recover the down payment because of such omission from the contract. In our opinion, this cause of action is insufficient for failure to plead that the omitted representation was false. If the omitted representation was not false, plaintiff has suffered no damage by reason of its omission from the written contract. The second cause of action is in equity for rescission of the contract. In our opinion, this cause of action is also insufficient. Although rescission in equity may be had for innocent misrepresentation, this cause of action does not contain any allegation of misrepresentation. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.